E-FILED
Thursday, 23 July, 2026  01:14:05 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| J.F. EDWARDS CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-04047-SLD-RLH |
| | ) | |
| OUR NEXT ENERGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is Plaintiff J.F. Edwards Construction Company's ("J.F.") motion for

judgment on the pleadings, ECF No. 11.  For the reasons that follow, the motion for judgment on

the pleadings is GRANTED.

**BACKGROUND**[1]

Around February 21, 2025, J.F. and Defendant Our Next Energy, Inc. ("ONE") entered

into a contract.  J.F. agreed to perform work related to a project in Cordova, Illinois, in exchange

for payment from ONE.  Despite J.F. fully performing its work and completing all requirements

for final payment, ONE did not pay J.F. the amounts outlined in the construction contract.  As a

result of ONE's failure to timely pay J.F., it owed $265,101.00, and J.F. asserted a lien under

Illinois law.  In an effort to resolve the payment issue, J.F. and ONE entered into a written

settlement agreement[2] on September 17, 2025.  *See* Settlement Agreement, Compl. Ex. A, ECF

No. 1-3.  Under this Settlement Agreement, ONE agreed to pay J.F. the total outstanding balance

---

[1] "In assessing a motion for judgment on the pleadings, [the court] draw[s] all reasonable inferences and facts in favor of the nonmovant, but need not accept as true any legal assertions."  *Wagner v. Teva Pharms. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016).  The facts recited herein, therefore, come from the complaint, ECF No. 1.

[2] J.F. attached a copy of the settlement agreement to the complaint; therefore, the contract is a part of the pleadings for all purposes.  Fed. R. Civ. P. 10(c); *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452–53 (7th Cir. 1998).

in weekly installments of at least $15,000.00 until the entire balance was paid off.  The

Settlement Agreement provides that if ONE fails to timely pay its weekly installments, J.F. must

give written notice of default.  The Settlement Agreement gives ONE seven days to cure its

default.  If ONE fails to timely cure, the following occurs:

> (a) any and all outstanding payments due under this Agreement shall immediately become due and owing; (b) an additional liquidated damages charge of 10% of all unpaid amounts shall become due and payable to [J.F.]; and (c) in the event [J.F.] is required to engage an attorney to enforce ONE's obligations hereunder, or to collect any amounts due under this Agreement, ONE shall be liable for all reasonable attorneys' fees and costs incurred by [J.F.].

Settlement Agreement 3.

In December 2025, ONE did not make timely payments as required under the settlement

agreement.  On December 6, 2025, J.F. gave ONE the requisite written notice of its default, and

ONE failed to timely cure.  On December 31, 2025, J.F. provided ONE with a second written

notice of default and identified additional missed payments.  ONE again failed to timely cure its

default.  As of February 20, 2026, the date J.F. filed the complaint, ONE remained in default.

Because ONE defaulted, the entire remaining outstanding balance became immediately due—

this totals at least $70,101.00 in unpaid principal. ONE has not paid this amount, the liquidated

damages provided for under the Settlement Agreement, or attorneys' fees and costs.

J.F. brings one count of breach of contract against ONE, asserting that the Settlement

Agreement is an enforceable contract which ONE materially breached when it failed to timely

make required payments.  ONE's answer admitted every allegation contained within J.F.'s

complaint, *see* Answer, ECF No. 8, and J.F. moved for judgment on the pleadings under Federal

Rule of Civil Procedure 12(c), *see* Mot. J. Pleadings.

## DISCUSSION

### I.     Legal Standard

"Under Rule 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).  A motion for judgment on the pleadings under Rule 12(c) is decided using the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020).  Additionally, the moving party must show that there are no material issues of fact that need to be resolved. *Moss*, 473 F.3d at 698.  "When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Scottsdale Ins. Co. v. Columbia Ins. Grp.*, 972 F.3d 915, 919 (7th Cir. 2020).

### II.     Analysis

J.F. moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See generally* Mot. J. Pleadings.  J.F. argues that, because ONE admitted all allegations contained within the complaint, there is no genuine dispute of material fact and so J.F. is entitled to judgment on the pleadings. *Id.* ¶¶ 3–4.  ONE does not challenge the merits of J.F.'s argument. *See* Resp., ECF No. 14.  Instead, ONE merely argues that the Court should not grant the motion because J.F.'s attorneys' fees "have not yet been articulated let alone proven." *Id.*  Why ONE thinks disputes over the amount of attorneys' fees to be awarded preclude entry of judgment in this case is unclear to the Court—the Civil Local Rules clearly allow for requests for attorneys' fees to be filed up to fourteen days after entry of judgment. *See* Civil LR 54.1(A).  As such, ONE's argument against J.F.'s motion is unconvincing.

Under Illinois law,[3] "a settlement agreement is considered a contract, and construction and enforcement of settlement agreements are governed by principles of contract law." *Cannon v. Burge*, 752 F.3d 1079, 1088 (7th Cir. 2014) (citing *Cushing v. Greyhound Lines, Inc.*, 991 N.E.2d 28, 92 (Ill. App. Ct. 2013)).  The enforceability and validity of a contract are questions of law when the facts are undisputed.  *Beverly v. Abbott Lab'ys*, 817 F.3d 328, 333 (7th Cir. 2016).  The elements of a breach of contract claim are: "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages."  *Ass'n Benefit Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007) (quotation marks omitted); *see also Assoc. Underwriters of Am. Agency, Inc. v. McCarthy*, 826 N.E.2d 1160, 1168 (Ill. App. Ct. 2005) (listing the elements of a breach of contract claim as: (a) the existence of a contract; (b) performance by the plaintiff; (c) breach of the contract by the defendant; and (d) damages caused by the breach).

Taking the admitted factual allegations as true, the elements of breach of contract are readily established.  Offer and acceptance can be inferred from the parties' course of conduct, namely that both parties signed the Settlement Agreement.  *See* Settlement Agreement. Likewise, consideration is satisfied by the exchange of promises—ONE promised to pay J.F., and J.F. agreed to accept an already-overdue payment in installments.  *See* Compl. ¶¶ 7, 15.  The Settlement Agreement has definite and certain terms.  *See, e.g.*, Settlement Agreement 2 (clearly outlining the total amount owed, the initial payment amount and due date, the weekly amount

---

[3] In diversity actions, federal courts apply the choice of law rules of the state in which they sit.  *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014).  J.F. applies Illinois law, and ONE has not disagreed. Accordingly, the Court applies Illinois substantive law to J.F.'s breach of contract claim.  *Cf. Camp v. TNT Logistics Corp.*, 553 F.3d 502, 505 (7th Cir. 2009) (applying forum state's substantive law in diversity action where neither party disputed that it should apply); *see also Beverly v. Abbott Lab'ys*, 817 F.3d 328, 333 (7th Cir. 2016) ("State contract law governs issues concerning the formation, construction, and enforcement of settlement agreements."). Federal procedural law, however, controls the inquiry into the sufficiency of the pleadings.  *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 671–72 (7th Cir. 2008).

and due date, the account to which all payments should be made, and the credit for early payment). J.F. has performed all required conditions. Had ONE completed the payment plan, J.F. would have been required to release the lien it has and take other action, *see id.* at 3; however, prior to complete repayment, J.F. was only required to follow the default procedure set forth in the Settlement Agreement. *Id.* J.F. did so—it gave ONE written notice of the default and provided at least seven days to cure the default prior to initiating this suit. Compl. ¶¶ 15–20. And ONE clearly breached the Settlement Agreement. It missed payments in December 2025, *id.* ¶ 15, received two written notices of default, *id.* ¶¶ 16, 18, and at the time J.F. initiated this lawsuit, ONE still had not made payments as outlined by the Settlement Agreement, *id.* ¶¶ 17, 19–21. Finally, by breaching the Settlement Agreement, J.F. was damaged. ONE has now further delayed J.F.'s compensation for work it completed, and, per the Settlement Agreement, incurred liquidated damages and the fees and costs associated with this litigation. *Id.* ¶¶ 21–24.

As such, it is beyond doubt that ONE breached its contract with J.F. J.F. requests $77,111.10, plus attorneys' fees and costs. Mot. J. Pleadings 2 (requesting $70,101.00 in unpaid principal and $7,010.10 in contractual liquidated damages); *see also* Compl. 5 (requesting same). The Settlement Agreement clearly states that, in the event ONE defaults, (1) the entire outstanding balance becomes immediately due, (2) ONE owes J.F. damages in the amount of ten percent of the remaining outstanding balance, and (3) J.F. is entitled to attorneys' fees and costs associated with enforcing the Settlement Agreement. Settlement Agreement 3. ONE admits that the total outstanding balance is $70,101.00, Answer ¶ 22; that the contractual liquidated damages are ten percent of the outstanding balance, *id.* ¶ 23; and that the Settlement Agreement entitled J.F. to the outstanding balance, liquidated damages, and attorneys' fees and costs, *id.* ¶ 13. It is therefore beyond doubt that ONE owes J.F. $77,111.10, plus attorneys' fees and costs.

5

Moreover, the Court is unaware of any reason that judgment as a matter of law would be unwarranted and ONE, having not presented any substantive challenge to J.F.'s motion, has advanced no argument to that effect. Seeing no reason that J.F.'s action should proceed to discovery when the Court has all necessary information before it, the Court concludes that judgment on the pleadings in J.F.'s favor is appropriate.

## CONCLUSION

Accordingly, Plaintiff J.F. Edwards Construction Company's motion for judgment on the pleadings, ECF No. 11, is GRANTED. Defendant Our Next Energy, Inc. breached the settlement agreement and so must pay J.F. Edwards Construction Company $77,111.10 plus attorneys' fees and costs. The Clerk is directed to enter judgment and close the case.

Entered this 23rd day of July, 2026.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE